BLAKE G. HALL, ESQ.
SAM L. ANGELL, ESQ.
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434 and 7012*
bgh@hasattorneys.com
sla@hasattorneys.com

Attorneys for Defendants

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY BURCH, | Case No. 4:22-cv-00366-AKB |
| Plaintiff, | **REPLY IN SUPPORT OF** |
| v. | **DEFENDANTS' MOTION TO STRIKE** |
| | **(DKT. 21)** |
| CITY OF CHUBBUCK, a political subdivision of the State of Idaho; and KEVIN B. ENGLAND, in his individual and official capacity, | |
| Defendants. | |

COME NOW Defendants, CITY OF CHUBBUCK and KEVIN B. ENGLAND, by and through counsel of record, HALL ANGELL & ASSOCIATES, LLP, and hereby submit their Reply in Support of their Motion to Strike as follows:

### ARGUMENT

I. **THE STATEMENTS IN PLAINTIFF'S STATEMENT OF FACTS ARE INADMISSIBLE HEARSAY.**

In their Reply in Support of their Motion for Summary Judgment (Dkt. 21) Defendants moved to strike two paragraphs from Plaintiff's Statement of Facts, which was filed with

Plaintiff's response to Defendant's Motion for Summary Judgment. (Dkt. 20-1). These

paragraphs were both based on statements made in the deposition of Melanie Evans, who is a

Councilmember for the City of Chubbuck. The challenged statements are hearsay, which is not

admissible pursuant to Fed. R. Evid. 802.

> Fed. R. Civ. 56(c)(2) and (3) state:

>> (**2**) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

>> (**3**) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

Defendants requested that the following paragraphs be struck:

> In the few months before the election, but especially afterward, Mayor England ostracized and sidelined Burch. (Evans Dep. pp. 27-28, 34-38).

> …

> …Kami Morrison reported Burch was being ostracized and excluded. (Evans Dep. pp. 34-35).

(Dkt. 20-1, ¶¶ 44, 51). Ms. Evans made the following statements in her deposition, from which

Plaintiff derived the information in his Statement of Facts:

> Q. What did Kami say?
> A. Just that she was watching it happen.
> Q. Watching what happen?
> A. Rod be ostracized and made ineffective in his position.

*Deposition of Melanie Evans*, 34:22-35:1.

> Q. How did you know Rod was being left out of meetings?
> A. He told me.

*Deposition of Melanie Evans*, 27:12-14.

> Q. Do you recall any specific discussions with any particular staff member about Mr. Burch getting pushed out?

A. Not specifics. It's been -- I don't know. I mean, Rod would keep me informed a lot of times on what was happening and who was involved. But my actual conversations with the other staff were minimal. It was just because I wasn't in the city very often.
Q. Did you believe Rod when he told you –
A. Yes.

*Deposition of Melanie Evans*, 36:25-37:10. It is clear that Ms. Evans primarily derived her claim that Plaintiff was being "ostracized" from meetings from statements made to her by Ms. Morrison and by Plaintiff himself. This is classic hearsay – a statement that the "declarant does not make while testifying at the current trial or hearing" and offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1-2).

An exception to the rule against hearsay is for statements made by a party opponent. Rule 801(d)(2) states provides that the following statements are not considered hearsay:

(2) *An Opposing Party's Statement*. The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

None of the hearsay exceptions in this rule apply to Ms. Evans' testimony. It is undisputed that Ms. Evans is a City Councilmember for the City of Chubbuck. However, Ms. Evans does not represent the City of Chubbuck for the purposes of this litigation and is not herself a party to this action, so her statements cannot be considered statements by the City "in an individual or representative capacity." She has not been authorized by the City to make a statement on this

subject, and she is not a "coconspirator" of the City or attempting to further any conspiracy. Ms. Evans did not make a statement on the "scope of her relationship" with the City, so her statements are not admissible under that exception either.

This leaves Rule 801(d)(2)(B), which is the sole grounds for Plaintiff's claim that Ms. Evans' statements are admissible. However, Ms. Evans, as pointed out above, is not the "party" in this matter, and her personal beliefs do not bind the City or Mayor England in this matter. *Transbay Auto Serv., Inc. v. Chevron USA Inc*., 807 F.3d 1113 (9th Cir. 2015) is not applicable because that case involved the acceptance of the contents of documents. Furthermore, the Ninth Circuit held in that case that "a party who is only vaguely aware of the contents of a document manifests an intent to adopt these contents by using the document to accomplish an objective or by acting in conformity with the document." *Transbay Auto Serv., Inc.*, 807 F.3d at 1120. Plaintiff has provided no evidence whatsoever that either of the Defendants used Ms. Evans' belief to "accomplish an objective" or "acted in conformity" with Ms. Evans' beliefs. To the contrary, Defendants deny that Ms. Evans' allegations are true, and Defendants cited testimony from Mr. Gummersall in their briefing that her allegations are not true and that Plaintiff was not being excluded from meetings. (Dkt. 19-1, p. 8); *Deposition of Scott Gummersall*, 20: 10-14.

In *Astorga v. Idahoan Foods, LLC*, Case No. 1:18-cv-000195-DCN, 2019 WL 4120803 (D. Idaho Aug. 29, 2019), the plaintiff attempted to introduce a statement made by another employee against her former employer. The district court held that this statement was properly considered hearsay, stating "[t]here is nothing in the record to suggest that this employee could speak on behalf of the company (i.e. she is not squarely a "party-opponent"), nor is there any evidence that Idahoan adopted her statement (that they were wholly unaware of)." Similarly, there is no evidence that Defendants have adopted the statements of Ms. Evans, Ms. Morrison, or

Plaintiff, and while Ms. Evans is a City Councilmember, Plaintiff has cited to no authority stating that her personal beliefs about an employment issue must be considered to have been automatically adopted by the City.

*Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999) is inapplicable to this case because in that case the challenged statements were in fact the admissions of a party opponent. In that case, a group of firefighters and their union sued over the firefighters' termination, claiming that their First Amendment rights had been violated. *Gilbrook*, 177 F.3d at 847. The mayor and a city councilor made the following statements during the runup to the mayor's election:

> In labor contract negotiations coinciding with the election, Smith [the mayor] told Gilbrook and Garrison: "If you make [the staffing of fire stations] a political issue in my upcoming election, I'll have your ass." City Councilor Craig Schweisinger later told Garrison and Gilbrook: "[The Mayor] is anti-fire now. You people supported your— you're going to support Joy Neugebauer. We have problems here with this contract."

*Id.* at 848. When these statements were challenged by the defendants post-trial, the Ninth Circuit held that "the district court properly admitted those statements under the exception for admissions by a party-opponent, *see* Fed.R.Evid. 801(d)(2)(A)." *Id.* at 859.

The differences between *Gilbrook* and this case are clear. Both the mayor and the city councilor who made the statements in question were actual party opponents because they were named defendants in that suit. Their statements were therefore admissible because they were made by named parties to the suit in their individual capacities. Unlike the plaintiffs in *Gilbrook*, Plaintiff is not seeking to admit statements by Mayor England or even Ms. Evans in her capacity as a City Councilmember. Instead, he is seeking to have *his own* statements and the statements of Kami Morrison admitted through Ms. Evans. These statements are not the admission of a party opponent and there is no exception to the rule against hearsay that covers these statements.

As for the fact that Defendants submitted the deposition of Ms. Evans with their Declaration in Support Memorandum in Support of Summary Judgment (Dkt. 19-3), Defendants cited portions of her deposition only to demonstrate that her testimony was in fact derived from Plaintiff, Ms. Morrison, and Mr. Gummersall and therefore could not be used to support Plaintiff's claims. (Dkt. 19-1, pp. 8-9). Additionally, Fed. R. Civ. Proc. 56(c) does not contain any limitations on what exhibits a party may object to, only that a party may object to evidence that cannot be "presented in a form that would be admissible in evidence." Fed. R. Civ. 56(c)(2). Furthermore, "[o]nly admissible evidence may be considered in ruling on a motion for summary judgment." *Reece v. Pocatello/Chubbuck School District No. 25*, 713 F.Supp.2d 1222, 1228 (D. Idaho May 5, 2010), *citing Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002). Plaintiff has cited no authority for the claim that because Defendants submitted a deposition to the Court, that Plaintiff is thereby permitted to use inadmissible hearsay evidence from that deposition testimony to bolster his claims.

## CONCLUSION

Based on the foregoing, Defendants Kevin B. England and City of Chubbuck respectfully request that this Court grant their motion to strike paragraphs 44 and 51 of Plaintiff's Statement of Facts and that those statements not be considered for the purposes of Defendants' Motion for Summary Judgment.

DATED: February 8, 2024.

_____
SAM L. ANGELL

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following on February 8, 2024, by the method indicated below:

DeAnne Casperson, Esq.                              [X] ECF
Amanda Ulrich, Esq.
Ryan S. Dustin, Esq.
CASPERSON ULRICH DUSTIN
356 W Sunnyside Road, Ste B
Idaho Falls, ID 83402
Email: dcasperson@workandwage.com
Email: aulrich@workandwage.com
Email: rdustin@workandwage.com


　　　　　　　　　　　　　　　／S/
　　　　　　　　　　　　　　　SAM L. ANGELL